**PORZIO, BROMBERG & NEWMAN, P.C.**
100 Southgate Parkway
Morristown, NJ 07962-1997
Telephone: (973) 538-4006
Vito A. Gagliardi, Jr., Esq.
vagagliardi@pbnlaw.com
Attorneys for Plaintiff Celebrate the Children, Inc.

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| CELEBRATE THE CHILDREN, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MONICA OSGOOD AND LIMITLESS,<br><br>Defendants. | Civil Action No.:<br><br><br><br>**COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

### COMPLAINT

Plaintiff Celebrate the Children, Inc. ("CTC"), having its principal places of business at 230 Diamond Spring Road, Denville, New Jersey, 07834, for their Complaint against Defendants Monica Osgood ("Osgood") and Limitless ("Limitless," together with Osgood, "Defendants") having a principal place of business at 30 Righter Avenue, Denville, New Jersey, 07834, allege as follows:

### NATURE OF THE ACTION

1.    CTC is an Approved Private School for Students with Disabilities ("APSSD"), which operates in Denville, New Jersey. CTC was initially co-founded by Osgood in 2003 as an outgrowth of her work with public school districts. CTC currently serves nearly 150 students with disabilities in its school based program. As one of the few practitioners of DIR/Floortime special education, CTC is a leader in special education in New Jersey. CTC is recognized worldwide as a

1

practitioner of DIR/Floortime. Students and families at the school travel from across the country to be able to enroll in the school.



2. CTC uses the trademarks "CELEBRATE THE CHILDREN" and (together, the "CTC Marks") in connection with the rendering of its special education services.

3. CTC brings this lawsuit to protect the substantial goodwill that it has developed in its CTC Marks and to stop Defendants from co-opting CTC's Marks. While CTC has sought to resolve this dispute short of litigation, Osgood has instead asserted that the trademarks belong solely to her. Thus, CTC has had no option but to pursue these claims in this Court.

**PARTIES, JURISDICTION AND VENUE**

4. Plaintiff CTC is a New Jersey corporation with its principal place of business at 230 Diamond Spring Road, Denville, New Jersey, 07834.

5. CTC is the owner and operator of an APSSD which serves students with disabilities in northern New Jersey.

6. Defendant Osgood is an individual who resides at 241 Lake Drive, Stanhope, New Jersey, 07874.

7. Defendant Limitless is a corporation whose principal place of business is 30 Righter Avenue, Denville, New Jersey, 07834.

8. This is a civil action for damages and injunctive relief arising under the United States Lanham Trademark Act of 1946, as amended, 15 U.S.C. § 1051 et seq. (the "Lanham Act") for trademark infringement and unfair competition, and arising under the statutory and common laws of the State of New Jersey for trademark infringement and unfair competition.

2

9. This Court has subject matter jurisdiction over the subject of this action pursuant to 15 U.S.C. § 1121; 28 U.S.C. §§ 1331, 1338 and 1367 as it involves claims under the United States Lanham Trademark Act, and substantial as well as related claims for trademark infringement and unfair competition.

10. This Court has personal jurisdiction over Osgood because Osgood is an individual who resides at 241 Lake Drive, Stanhope, New Jersey, 07874.

11. This Court has personal jurisdiction over Limitless because Limitless is a corporation, incorporated under the laws of the State of New Jersey and its principal place of business is located in Denville, New Jersey, within this judicial district.

12. Venue for this Action is proper in the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b) and (c), as the claim arose in this District and it is where Defendant has committed acts of infringement.

## **GENERAL ALLEGATIONS**

13. On or about November 6, 1999, Defendant Osgood founded an entity called CTC Center. CTC Center rendered educational services to students with disabilities during the summertime and used the trademark "CELEBRATE THE CHILDREN" in connection with those services.

14. Osgood then co-founded Plaintiff CTC in 2004. CTC adopted and used the CTC Marks in connection with its education services in 2004 and has continuously and exclusively used the CTC Marks with those services for the past 19 years.

15. CTC is a not-for-profit school that provides educational services to students with disabilities. CTC is unique in that it uses the DIR/Floortime method to educate students with disabilities.

16. CTC spends, and has spent, decades, and significant amounts of money, marketing and developing their unique educational method. This includes outreach to parents, public school districts, foundations, funders, academics, and the New Jersey Department of Education. As a result, CTC is a well-respected provider of educational services to students with disabilities.

17. As a consequence of CTC's efforts, as described herein, the public, and in particular CTC students and families, identifies the CTC Marks exclusively with CTC, creating valuable intellectual property rights and goodwill.

18. Following the formation of CTC in 2004, CTC Center ceased using the CTC Marks.

19. At no time did Osgood personally use the CTC Marks. Rather the CTC Marks were always used by a corporate entity.

20. Following the formation of CTC, Osgood started her own business, Defendant Limitless. Limitless renders educational services to students with disabilities after school hours, over weekends, during school breaks and over the summer under the trademark "LIMITLESS".

21. CTC removed Osgood from her position of Executive Director of CTC in April 2023.

22. Osgood, having been removed from her position as Executive Director of CTC, has rebranded her company Limitless by using the CTC Marks and has begun using those trademarks to market a competing business.

23. Prior to her removal as Executive Director of CTC, Osgood operated Limitless as a complimentary entity to CTC. Limitless at no time was owned by CTC, was operated by CTC's Board of Trustees, or ever used the CTC Marks.

24. However, in the past, Limitless has accepted CTC students over the summer as a part of its summer camp offerings.

25. Osgood has sent email communication to CTC parents and families using the CTC Marks directing parents and families to sign up for summer camp.

26. Starting on or about October 12, 2023, Osgood has published, and continues to display on the website for Limitless, images of the CTC Marks

27. Stating on or about October 12, 2023, Defendants have created and displayed a banner in downtown Denville, New Jersey, using and displaying the CTC Marks.

28. Starting on or about November 2023, Limitless has begun to use the CTC Marks, including rebranding itself as "THE ORIGINAL CELEBRATE THE CHILDREN."

29. Defendants have either presented the CTC Marks unaltered, or altered with the phrase "THE ORIGINAL" put directly above the trademark "CELEBRATE THE CHILDREN". This is a clear attempt to deceive CTC's clients, students, and families – especially when Defendants are using the same font to depict "CELEBRATE THE CHILDREN" in their

 logo as Plaintiff previously used in its

 logo.

30. Osgood has infringed the CTC Marks and has attempted to interfere in CTC's contractual and business relationships.

31. During presently ongoing employment litigation between Osgood and CTC, on July 11, 2023, Osgood filed United States Trademark Application Serial Number 98079844 seeking registration of the trademark "CELEBRATE THE CHILDREN" for "Educational services

7536373

in the nature of Special Education/Autism schools". This application has not yet been assigned to a Trademark Examining Attorney for review.

32. Prior to this litigation, the "CELEBRATE THE CHILDREN" trademark was never the subject of an application for registration.

33. Since at least as early as 2004, the "CELEBRATE THE CHILDREN" trademark has been owned and used exclusively by and for the benefit of CTC. CTC has been the sole user of this trademark for almost two decades.

34. There is not now, nor has there ever been, a trademark license, agreement, assignment of trademark, or any other agreement pertaining to trademarks between CTC and Osgood or between CTC and Limitless.

35. Upon information and belief, Osgood only took the above actions upon hearing that CTC was launching its own summer camp and would no longer be working with Limitless.

36. The purpose of Defendants' infringing trademark activities is to induce CTC families to sign their students up for Limitless' services, mistakenly believing that they are contracting with CTC.

37. Further, upon information and belief, Defendant Osgood has begun the process to open her own APSSD, presumably under the "THE ORIGINAL "CELEBRATE THE CHILDREN" trademark. Such an action would be in direct competition with CTC.

38. On November 28, 2023, CTC sent a cease-and-desist letter to Osgood, citing the foregoing improper use of the CTC Marks. Osgood responded, through counsel, claiming ownership of the trademarks. Osgood has demanded that CTC cease using the CTC Marks.

39. Osgood takes this position suddenly and for the first time, despite having never personally used the CTC Marks and despite Osgood's CTC Center abandoning any rights that it

7536373

had in the CTC Marks by stopping use of those trademarks almost 20 years ago, while CTC continuously and exclusively used the CTC Marks for the past 19 years.

## COUNT I
### Federal Trademark Infringement
### (Lanham Act § 43(a)(1)(A), 15 U.S.C. § 1125(a)(1)(A))

40. CTC incorporates all previous allegations as if fully restated herein.

41. CTC owns, has the exclusive right to use, and actively uses the CTC Marks and CTC has not, in any way, authorized Osgood or Limitless to use or to exploit the CTC Marks.

42. In violation of 15 U.S.C. §§ 1125(a)(1)(A), *et. seq.*, Defendants' acts have caused, or are likely to cause, confusion, mistake, or deception, over whether Defendants are approved by, associated with, sponsored by or connected with CTC.

43. Upon information and belief, Defendants' actions were undertaken willfully, and with the intent to confuse and deceive the public.

44. Defendants' acts have damaged, or may damage, CTC's business reputation and goodwill, and have interfered, or may interfere, with CTC's use of the CTC Marks.

45. Defendants have caused, and unless enjoined will continue to cause, irreparable harm and injury to CTC for which there is no adequate remedy at law.

## COUNT II
### False Advertising
### (Lanham Act § 43(a)(1)(B), 15 U.S.C. § 1125(a)(1)(B))

46. CTC incorporates all previous allegations as if fully restated herein.

47. Through the foregoing conduct, Defendants have made false and misleading statements of material fact in commercial advertising and/or promotion in misrepresenting the nature, characteristics, and/or qualities of the services offered by CTC by using the CTC Marks to promote their own business.

48. Defendants' false or misleading representations of fact actually deceives and/or has tendency to deceive a substantial portion of the target audience.

49. Defendants' false or misleading representations of fact are material because they are likely to influence the purchasing decision of the target consumers. Consumers, in this instance parents, may believe that they are signing up for a CTC approved program.

50. Defendants have caused their false or misleading representations to enter interstate commerce by advertising and/or promoting those statements using the internet.

51. CTC has been, or is likely to be, injured due to the false statements creating a lessening of goodwill associated with the their trademark and their services offered.

52. Defendants' actions constitute false advertising and a violation of 15 U.S.C. § 1125(a)(1)(B).

53. Defendants' false advertising has caused substantial and irreparable damage and injury to CTC for which CTC has no adequate remedy at law, thus entitling CTC to injunctive relief.

## COUNT III
## TRADEMARK INFRINGEMENT
### (New Jersey Common Law)

54. CTC repeats and reasserts each of the foregoing allegations of this Complaint as if fully set forth herein.

55. Plaintiff owns all rights, title, and interest in and to Plaintiff's CTC Marks, including all common law rights in those trademarks.

56. Defendants, without authorization from Plaintiff, has used and is continuing to use trademarks, which are either identical or confusingly similar to Plaintiff's CTC Marks.

57. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade

as to whether Defendants' services originate from, or are affiliated with, sponsored by, or endorsed by Plaintiff.

58. Upon information and belief, Defendants have acted with knowledge of Plaintiff's ownership of Plaintiff's CTC Marks and with deliberative intention or willful blindness to unfairly benefit from the incalculable goodwill symbolized thereby.

59. Defendants' acts constitute trademark infringement in violation of New Jersey common law.

60. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which it is not in law or equity entitled.

61. Upon information and belief, Defendants intend to continue their infringing acts unless restrained by this Court.

62. Defendants' acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

## COUNT IV
## UNFAIR COMPETITION
## (N.J.S.A. § 56:4-1)

63. Plaintiff repeats and reasserts each of the foregoing allegations of this Complaint as if fully set forth herein.

64. The foregoing acts of Defendants constitute unfair competition in violation of N.J.S.A. §56:4-1.

65. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which it is not in law or equity entitled.

7536373

66. Defendants are liable to CTC for all damages, whether direct or indirect, for the misappropriation of CTC's name, brand, trademarks, reputation and goodwill, which damages are subject to trebling.

67. Upon information and belief, Defendants intend to continue their infringing acts unless restrained by this Court.

68. Defendants' acts have damaged and will continue to damage CTC, and Plaintiff has no adequate remedy at law.

## COUNT V
## UNFAIR COMPETITION
**(New Jersey Common Law)**

69. CTC repeats and reasserts each of the foregoing allegations of this Complaint as if fully set forth herein.

70. Defendants' actions, as alleged above, have caused, and are likely to continue to cause confusion, mistake, and deception among consumers, the public, and the trade as to whether Defendants' services originate from, or are affiliated with, sponsored by, or endorsed by CTC.

71. The actions of Defendants as alleged above were done deliberately and intentionally.

72. The foregoing actions of Defendants are in violation of New Jersey common law of unfair competition.

73. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which it is not in law or equity entitled.

74. Defendants are liable to CTC for all damages, whether direct or indirect, for the misappropriation of CTC's Marks, name, brand, reputation and goodwill, which damages are subject to trebling.

75. Defendants intend to continue their infringing acts unless restrained by this Court.

76. Defendants' acts have damaged and will continue to damage CTC, and Plaintiff has no adequate remedy at law.

**COUNT VI**
**UNJUST ENRICHMENT**
**(New Jersey Common Law)**

77. CTC repeats and reasserts each of the foregoing allegations of this Complaint as if fully set forth herein.

78. By virtue of the conduct described herein, Defendants have been unjustly enriched in an amount to be proven at trial.

79. Defendants' retention of moneys gained through trademark infringement, unfair practices, and the violation of CTC's rights would serve to unjustly enrich Defendants and would be contrary to the interests of justice.

**REQUEST FOR RELIEF**

WHEREFORE, as to all of its claims, CTC respectfully prays that this Court enter judgment in its favor and against Defendants, and relief as follows:

A. Adjudicating and decreeing that Defendants have infringed CTC's trademark rights in the CTC Marks;

B. Preliminarily and permanently enjoining and restraining Defendants, and, where applicable, its directors, members, officers, agents, servants, employees, parents, subsidiaries, affiliates and all other persons in active concert or participation with, through or under Defendants, at first during pendency of this action and thereafter perpetually:

      1.      from publishing, stating, or otherwise implying false descriptions or characterizations of CTC's services, including implying CTC's involvement in the Limitless camp;

      2.      from making any statement on promotional materials or advertising for their services that are false or misleading as to the source, origin, or affiliation with, sponsorship by, or connection to CTC;

      3.      from using the CTC Marks or any variants thereof, and from otherwise infringing CTC or the CTC Marks.

C.      Requiring that Defendants, within thirty (30) days after service of notice of entry of judgment or issuance of any injunction, file with the Court and serve upon CTC's counsel a written report under oath setting forth details of how Defendants have complied with the Court's order outlined above.

D.      Awarding damages to CTC's as a result of Defendants' willful infringement in an amount including awards for CTC's actual damages, and CTC's attorneys' fees and costs.

E.      Awarding damages to CTC as a result of Defendants' unjust enrichment as a result of their infringing use of the CTC Marks.

F.      Awarding CTC such other and further relief as this Court deems just and proper under the circumstances

7536373

## JURY DEMAND

Plaintiff CTC hereby demands a trial by jury of all issues so triable.

                                    Respectfully submitted,

                                    **PORZIO, BROMBERG & NEWMAN, P.C.**
                                    Attorneys for Plaintiff Celebrate the Children, Inc.
                                    100 Southgate Parkway
                                    Post Office Box 1997
                                    Morristown, New Jersey 07962-1997
                                    (973) 538-4006

                                    By: _____
                                                   Vito A. Gagliardi, Jr.

Dated: December 7, 2023

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I certify that the matter in controversy is not the subject of any other action or proceeding pending in any court, or of any pending arbitration or administration proceeding. However, Osgood is a plaintiff in an action against Celebrate the Children School, Andre Chabanel, Lauren Blaszak, Kenneth Lindsley and Lisa Robson in which she challenges the nonrenewal of her employment contract in April 2023. The action is captioned Monica Osgood v. Celebrate the Children, et al., was filed on April 25, 2023, and is currently pending in the Superior Court of New Jersey, Morris County.

Respectfully submitted,

By: _____
      Vito A. Gagliardi, Jr.

Dated: December 7, 2023